RENDERED: AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1104-MR

BRIAN A. WILKINSON,
INDIVIDUALLY AND BRIAN A.
WILKINSON, EXECUTOR OF THE
ESTATE OF ARTHUR WILKINSON,
JR.                                                                          APPELLANTS


APPEAL FROM WARREN CIRCUIT COURT
v.              HONORABLE JOHN GRISE, JUDGE
ACTION NO. 21-CI-01237


EVELYN DIANNE VIBBERT;
ASHLEY WILKINSON; BLAKE
YATES; BRANDON WILKINSON;
BROOKE WILKINSON ELMORE;
CHRISTOPHER YATES; DAMON
WILKINSON; JANET L. WHITE;
JERRY CALHOUNE; KENNY
SCHINDLER; REID WILKINSON;
RENEE W. YATES; AND SHIRLEY
WILKINSON                                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Brian A. Wilkinson, Individually and Brian A. Wilkinson, Executor of the Estate of Arthur Wilkinson, Jr. ("Appellant") appeal from a declaratory judgment of the Warren Circuit Court. The court ruled that $300,000 located in a safe in the decedent's house at the time of his death was subject to distribution to Evelyn Dianne Vibbert ("Appellee") per the terms of the decedent's will. After careful review, we find no error and affirm the declaratory judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 16, 2021, Arthur Wilkinson, Jr. ("Mr. Wilkinson") died testate in Warren County, Kentucky. At the time of his death, Mr. Wilkinson had a will executed in 2013 which stated,

> I hereby give, devise, and bequeath the sum of $50,000.00 and my pickup truck I own at the time of my death to DIANNE VIBBERT of Smiths Grove, Kentucky. I have a survivorship deed to 123 Rocky Hill Road, Smiths Grove, Kentucky with Dianne Vibbert.[1]

In 2017, Mr. Wilkinson executed a codicil which stated,

> ITEM 1
> I wish to clarify my intentions in the specific bequest listed in Article V, Paragraph K, of my Last Will and

---

[1] Article V, Paragraph K of Mr. Wilkinson's will.

Testament dated September 18, 2013, and therefore amend said Article as follows:

K.     I hereby give, devise, and bequeath the sum of $50,000.00, and my pickup truck I own at the time of my death to DIANNE VIBBERT of Smiths Grove, Kentucky. I have a survivorship deed to 123 Rocky Hill Road, Smiths Grove, Kentucky with Dianne Vibbert, and it is my wish that she also receive any and all contents and household goods and furnishings within the house at 123 Rocky Hill Road, Smiths Grove, Kentucky.

At the time of his death, $300,000 in cash was in a safe located within the house at 123 Rocky Hill Road. After Mr. Wilkinson's death, Appellant removed the $300,000 or was given it by Appellee, allegedly to pay off a debt that was owed to a heavy equipment dealer. Later testimony showed that Mr. Wilkinson was in the business of purchasing heavy equipment, and that prior to his death he brought the cash home and placed it in the safe to consummate a business transaction with the funds. The circuit court would later state that nothing was ever entered into the record to corroborate the alleged debt or its payment.

On October 12, 2021, Appellee filed a complaint in Warren Circuit Court against Appellant and other parties seeking a declaratory judgment as to the ownership of the $300,000. The complaint set out claims of conversion, trespass, and breach of fiduciary duty against Appellant, individually and as executor. An amended complaint was filed on April 18, 2022.

On August 30, 2024, the Warren Circuit Court rendered a declaratory judgment ruling that Appellee was entitled to the $300,000 under the terms of the will and codicil. In support of the judgment, the circuit court noted that the parties were in agreement that the terms of the will and codicil were clear and unambiguous; therefore, both parties asserted that the matter could be resolved without extrinsic evidence. The court then determined that the language at issue was subject to but one interpretation, *i.e.*, that Appellee was entitled to "receive any and all contents and household goods and furnishings within the house at 123 Rocky Hill Road, Smiths Grove, Kentucky." It found that the safe and the cash within it fell within the scope of "any and all contents and household goods and furnishings[.]" The court also cited case law for the propositions that a testator's intent must be determined from looking at the four corners of the will, and that the court could not rewrite a will to make it say what it thinks the testator meant to say but did not. The court granted the declaratory judgment in favor of Appellee, and this appeal followed.

## STANDARD OF REVIEW

> The standard of review on appeal from a declaratory judgment is whether the judgment was clearly erroneous. A trial court's findings of fact are not clearly erroneous if supported by substantial evidence.

*Burch v. Thomas*, 677 S.W.3d 827, 830 (Ky. App. 2023) (internal quotation marks and citations omitted).

-4-

## ARGUMENTS AND ANALYSIS

Appellant argues that the Warren Circuit Court erred in its interpretation of Mr. Wilkinson's will. Specifically, Appellant maintains that Mr. Wilkinson never intended for Appellee to receive the $300,000 in the safe, and that the circuit court erred in failing to reach that conclusion. Appellant directs our attention to the will and codicil, which he argues gave Appellee the house by virtue of the survivorship deed; the contents of the house; household goods and furnishings; $50,000; and, Mr. Wilkinson's truck. The central question is whether the codicil's phrase "any and all contents . . . within the house" includes the $300,000 in cash.

Appellant also points to testimony adduced below demonstrating that Mr. Wilkinson had been in the heavy equipment business for many years, and that Appellant had worked in the business since 1978. Appellant stated in deposition that he and his father would make cash purchases from a heavy equipment vendor in Louisiana and would regularly travel to Louisiana for this purpose. He further notes that Appellee confirmed these facts in her deposition.

Appellant goes on to argue that just before his death, Mr. Wilkinson took the $300,000 in cash from his workplace and temporarily placed it in his safe at 123 Rocky Hill Road for the sole purpose of using the cash to purchase heavy equipment. Appellant asserts that Mr. Wilkinson never intended this cash

to be affected by the "any and all contents" language of the will and codicil.

Appellant maintains that Mr. Wilkinson's death was wholly unexpected and that

the cash's presence in the house was purely coincidental. Appellant argues that it

was not Mr. Wilkinson's intent to devise the cash to Appellee and that the

Warren Circuit Court erred in failing to so rule.

These arguments are unavailing in light of established will-

interpretation principles.

> The most basic rule of will interpretation is that the
> testator's intent must be the polar star toward which all
> interpretive efforts are guided, and this intent will be
> controlling, absent some illegality. As in any case
> where a court is called upon to interpret a document, the
> first and most important guide is the plain language of
> the instrument. If the language used is a reasonably
> clear expression of intent, then the inquiry need go no
> further. However if the instrument's provisions are
> susceptible to more than one different–yet reasonable–
> interpretation, they are ambiguous; and, we may look to
> extrinsic evidence during our interpretation. We do not
> examine provisions of the . . . [will] in isolation, rather
> we construe the drafter's intent from a consideration of
> the whole document.

*Todd v. Hilliard Lyons Tr. Company, LLC as Tr. Under Will of Todd*, 633

S.W.3d 342, 345 (Ky. App. 2021) (internal quotation marks and citations

omitted).

In considering this issue below, the Warren Circuit Court examined

the dispositive language of the codicil. It found that in the first sentence at issue,

Mr. Wilkinson made a specific bequest of $50,000 and a pickup truck to Appellee. The court determined that if this were the entirety of the writing, Appellant's argument would have merit. However, the court found that the second sentence of the codicil provided a residuary clause that, "it is my wish that she also receive any and all contents and household goods and furnishings within the house at 123 Rocky Hill Road, Smiths Grove, Kentucky." Based on this language, the court concluded that,

> [t]his plainly defeats any argument that decedent intended only to provide plaintiff with a specific bequest. Decedent's only change to his original will was to create this residuary clause. Thus, clearly decedent intended plaintiff was to receive not only $50,000, a vehicle, and the house, but any and all contents of the house.
>
> The language "any and all contents and household goods and furnishings" contains no enumerated exceptions to this bequest. Further, no other bequests were made in the will, or codicil, as it relates to the property or the contents of 123 Rocky Hill Road, Smiths Grove, Kentucky. Therefore, it is clear that decedent's intention was for the property, and any and all contents, of 123 Rocky Hill Road to go solely to Evelyn Dianne Vibbert. This would include the $300,000 that was a content of the home, under the plain meaning of the words, at the time of decedent's death.

We agree with the reasoning of the Warren Circuit Court. As in *Todd*, *supra*, we find that because Mr. Wilkinson's intent is clearly set out in the will and codicil, we need not consider extrinsic evidence to determine that intent.

-7-

Mr. Wilkinson expressly devised to Appellee "any and all contents" of 123 Rocky Hill Road at the time of his death. The cash at issue falls squarely within this language, as it was contained in the residence at the time of Mr. Wilkinson's death. Since the language at issue is not ambiguous, we will not surmise as to what Mr. Wilkerson allegedly intended to say but did not memorialize in the will and codicil. The Warren Circuit Court correctly found that extrinsic evidence was not required to determine Mr. Wilkinson's intent.

## CONCLUSION

Mr. Wilkinson's intent is the "polar star" toward which the Warren Circuit Court's interpretive efforts were guided. *Id.* at 345. This intent is unambiguously revealed in the express language of the codicil. The judgment is not clearly erroneous. *Burch*, *supra*. For these reasons, we affirm the declaratory judgment of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE EVELYN DIANNE VIBBERT:

Christopher D. Minix
Bowling Green, Kentucky